
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 31 2011 ★
BROOKLYN OFFICE

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D29213
G/prt

____AD3d____

REINALDO E. RIVERA, J.P.
PETER B. SKELOS
STEVEN W. FISHER
MARK C. DILLON
THOMAS A. DICKERSON, JJ.

*Admitted 12/17/96*

**MISC 11 0062**

2008-00341

OPINION & ORDER

In the Matter of Alexei M. Schacht, admitted as
Alexei Marc Schacht, an attorney and counselor-at-law.

Grievance Committee for the Second, Eleventh,
and Thirteenth Judicial Districts, petitioner;
Alexei M. Schacht, respondent.

*COGAN, J.*

(Attorney Registration No. 2327583)

---

DISCIPLINARY proceeding instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on January 22, 1990, under the name Alexei Marc Schacht. By decision and order on motion of this Court dated February 29, 2008, the Grievance Committee for the Second and Eleventh Judicial Districts (now Second, Eleventh, and Thirteenth Judicial Districts), was authorized to institute and prosecute a disciplinary proceeding against the the respondent and the issues raised were referred to the Honorable Vincent Pizzuto, as Special Referee to hear and report. By further decision and order on motion of this Court dated July 2, 2008, this Court denied the respondent's motion (1) pursuant to 22 NYCRR 691.4(m) to stay the hearing before the Special Referee and direct the respondent to complete a monitoring program sponsored by a lawyer's assistance program approved by the Court, or to approve the formal monitoring program sponsored by the New York City Lawyer Assistance Program as a qualifying monitoring program under this Rule; (2) to determine that the respondent qualified for diversion

pursuant to 22 NYCRR 691.4(m)(1) on the grounds that his misconduct occurred during a time he suffered from alcohol abuse or dependency, that his alcoholism was related to his misconduct, that the nature of his misconduct did not preclude his participation in a diversion program, and that his participation in such diversion program was in the best interest of the public, the legal profession, and the attorney; and (3) pursuant to 22 NYCRR 691.4(m)(2), upon submission of written proof of successful completion of the monitoring program, to direct the discontinuance of the disciplinary proceeding and impose such discipline upon the respondent, including private discipline, as the Court shall determine is appropriate, and to direct the parties to proceed with the previously authorized disciplinary proceeding.

By decision and order on motion of this Court dated February 9, 2010, the Honorable Vincent Pizzuto was relieved as Special Referee and the matter was re-assigned to John P. Clarke, Esq., as Special Referee to hear and report.

Diana Maxfield Kearse, Brooklyn, N.Y. (Susan Korenberg of counsel), for petitioner.

Sarah Diane McShea, New York, N.Y., for respondent.

PER CURIAM. The Grievance Committee for the Second and Eleventh Judicial Districts (now Second, Eleventh, and Thirteenth Judicial Districts) (hereinafter the Grievance Committee) served the respondent with a petition dated January 11, 2008, containing five charges of professional misconduct. After a hearing before Special Referee Pizzuto on March 11, 2009, Special Referee Clarke prepared a report based on the hearing minutes and the evidence adduced before Special Referee Pizzuto. Special Referee Clarke sustained all five charges and noted that the "[m]itigation evidence submitted is extensive and impressive." The Grievance Committee now moves for an order confirming the Special Referee's report and imposing such discipline as the Court deems just and proper. The respondent has also moved to confirm the Special Referee's report and for the imposition of a public censure in view of the extensive and impressive mitigation evidence.

Charge one alleges that the respondent converted funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102(a) and DR 1-102(a)(7) (22 NYCRR 1200.46[a], 1200.3[a][7]).

The respondent maintained an attorney escrow account at JP Morgan Chase entitled

"IOLA-Nalven & Schacht, Attorneys at Law." On or about October 7, 2005, he deposited the sum of $15,000 into that account on behalf of his client, Michael Brummer. From that sum, the respondent was required to pay $2,500 to an expert witness, Dr. Jeffrey Katims. On or about October 21, 2005, the respondent issued a check on that account in the sum of $7,320.74 payable to St. Louis West, Inc., for printing costs on behalf of another client, Brent Williams. He was not holding any funds on behalf of Williams.

The respondent issued a check in the sum of $2,500 on or about October 21, 2005, payable to Dr. Katims on behalf of Brummer. On or about October 27, 2005, that check was returned for insufficient funds.

Charge two alleges that the respondent improperly borrowed money from a client, in violation of Code of Professional Responsibility DR 5-104(a) and DR 1-102(a)(7) (22 NYCRR 1200.23[a], 1200.3[a][7]).

Between August and September 2005, the respondent deposited the sum of $16,316.17 into his escrow account on behalf of client Francisco Garcia. That sum was to be used toward an $18,000 forfeiture payment owed to the government as part of a plea deal. During that time, the respondent was required to maintain that sum in his escrow account on behalf of Garcia.

In or about December 2005, the respondent received an additional $1,683.83 from Garcia and deposited that sum into his escrow account. Between September and December 2005, the respondent was required to maintain at least $18,000 on behalf of Garcia in his escrow account. During that time, the respondent withdrew Garcia's money for his own use and benefit based upon an oral agreement with Garcia. The respondent failed to disclose, in writing, the loan and terms thereof prior to making the withdrawal. Nor did he advise Garcia to seek the advice of independent counsel, or obtain in writing Garcia's consent to the terms of the loan and to the respondent's inherent conflict of interest in the transaction.

Charge three alleges that the respondent used his attorney escrow account for purposes unrelated to his practice of law, in violation of Code of Professional Responsibility DR 9-102(b)(1) and DR 1-102(a)(7) (22 NYCRR 1200.46[b][1], 1200.3[a][7]).

Between August and October 2005 inclusive, the respondent drew at least five checks, totaling $3,850, on his escrow account to pay personal expenses, including personal credit card bills and his therapist.

Charge four alleges that the respondent commingled funds entrusted to him as a

fiduciary, incident to his practice of law, with his own funds, in violation of Code of Professional Responsibility DR 9-102(a) and DR 1-102(a)(7) (22 NYCRR 1200.46[a], 1200.3[a][7]).

Between August and December 2005, the respondent deposited into his escrow account funds entrusted to him as a fiduciary incident to his practice of law and also maintained personal funds in that account.

Charge five alleges that the respondent failed to maintain required records for his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102(d) and DR 1-102(a)(7) (22NYCRR 1200.46[d], 1200.3[a][7]).

The respondent failed to maintain a contemporaneous ledger book or similar record for his attorney escrow account showing the source of all funds deposited, the names of all persons for whom funds were held, the amount of such funds, the amounts of withdrawals from the accounts, and the names of all persons to whom such funds were disbursed.

Based on the uncontroverted evidence, the Special Referee properly sustained all five charges. Both the Grievance Committee's and that branch of the respondent's motion which was to confirm the Special Referee's report are granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent has no prior disciplinary history. The Special Referee took note of the facts that the respondent cooperated throughout the proceeding, admitted his misconduct from the outset, and accepted full responsibility for his actions. Moreover, no client was harmed and no funds are due to any client or third party. Significantly, the respondent's misconduct occurred in 2005 and there have been no further improprieties since the inception of the Grievance Committee's inquiry based on a dishonored check report. The respondent has taken definitive steps to assure the integrity of all funds in the IOLA account and now maintains all required records for the account. The monthly reviews and quarterly reports by Mr. Yuda Drattler, CPA, an independent monitor, have continued after the hearing. Moreover, the respondent has addressed his underlying alcoholism and gambling problems, and has participated successfully in the Lawyers Assistance Program for several years.

The respondent adds that as a former Assistant District Attorney who currently works in a small private firm which almost exclusively represents criminal defendants, he does not typically hold escrow funds. Inasmuch as his misconduct did not involve venality or personal gain, the respondent submits that his suspension or removal from practice is not required for the protection

December 17, 2010 Page 4.
MATTER OF SCHACHT, ALEXEI M.

of the public.

In view of the remoteness in time of the misconduct and sincere remedial efforts undertaken by the respondent, the respondent is suspended from the practice of law for a period of one year.

RIVERA, J.P., SKELOS, FISHER, DILLON and DICKERSON, JJ., concur.

ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,

ORDERED that the respondent's motion to confirm the Special Referee's report and to impose a public censure is granted to the extent that the Special Referee's report is confirmed, and the motion is otherwise denied; and it is further,

ORDERED that the respondent Alexei M. Schacht, admitted as Alexei Marc Schacht, is suspended from the practice of law for a period of one year, commencing January 27, 2011, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period, upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(c)(3), and (4) otherwise properly conducted himself; and it is further,

ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent Alexei M. Schacht, admitted as Alexei Marc Schacht, shall desist and refrain from (l) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

ORDERED that if the respondent Alexei M. Schacht, admitted as Alexei Marc Schacht, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10(f).

ENTER:

*Matthew G. Kiernan*
Matthew G. Kiernan
Clerk of the Court

December 17, 2010                                                                                           Page 5.

MATTER OF SCHACHT, ALEXEI M.